**UNITED STATES**

**v.**

**Levon QUINTIN, 009 48 0077, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 96 02080.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 18 July 1996.

Decided 29 Jan. 1998.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

Capt Michael D. Carsten, USMC, Appellate Government Counsel.

Before LUCAS, Senior Judge, GRANT and OLIVER, Appellate Military Judges.

GRANT, Judge:

We have examined the record of trial, the assignment of error,[1] and the Government's response thereto. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

In the single assignment of error, the appellant alleges that the convening authority erred by summarily denying the request submitted by the appellant for a waiver of automatic forfeitures.

The forfeitures to which appellant refers are those directed by Article 58b, Uniform Code of Military Justice, 10 U.S.C. § 858b (1994) [hereinafter UCMJ]. This newly added provision requires *inter alia* that a service member confined by sentence of a special court-martial and awarded a bad-conduct discharge forfeit two-thirds of his basic pay beginning on the 14th day of his confinement. The forfeitures continue through the end of the period of confinement. They are not part of the adjudged sentence of the court-martial but result, by statute, as a consequence of the sentence to confinement and punitive discharge. They are, however, viewed as "punishment" of the court-martial. See *United States v. Gorski*, 47 M.J. 370 (1997). The convening authority may waive application of these automatic forfeitures and direct payment to a dependent of the service member. The pertinent language from Article 58b, UCMJ, 10 U.S.C. § 858b, is as follows:

(b) In a case involving an accused who has dependents, the convening authority or other person acting under section 860 of this title (article 60) may waive any or all of the forfeitures of pay and allowances required by subsection (a) for a period not to exceed six months. Any amount of pay or allowances that, except for a wavier under this subsection, would be forfeited shall be paid, as the convening authority or

other person taking action directs, to the dependents of the accused.

The appellant applied for such a waiver and provided supporting documentation showing the financial difficulties his wife would suffer if his pay were curtailed by the provisions of Article 58b, UCMJ, 10 U.S.C. § 858b. The convening authority denied the request in writing without providing reasons. The appellant now cites this court to the case of *United States v. Sloan*, 35 M.J. 4 (C.M.A. 1992), for the proposition that such a denial should provide reasons so that the denial can be reviewed for abuse of discretion during appellate review of the case.

The decision in *Sloan* is premised on a specific provision found in RULE FOR COURTS-MARTIAL 1101(c)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.], which enumerates several factors that the convening authority may consider in arriving at a decision to defer or not defer confinement at the request of a sentenced accused. The rule further provides that the convening authority's decision shall be subject to judicial review only for abuse of discretion and that the decision must be in writing. *Sloan* merely takes this rule to the next logical step by requiring that reasons be given in a convening authority's written decision to deny a deferment request. Otherwise, there would be no way to conduct a meaningful judicial review of that decision. The court cites the Drafters Analysis to R.C.M. 1101(c)(3) which also indicates "the basis for denial should be included in the record." *Sloan*, 35 M.J. at 6 (quoting MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), app. 21, at A21–76). In turn, that analysis is premised on an earlier case decided by our superior court, *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979), which relies on the ABA Standards, Criminal Appeals § 2.5(b)(1970). These standards speak to release from confinement pending appeal of conviction.[2]

---

1. THE CONVENING AUTHORITY ERRED BY SUMMARILY DENYING APPELLANT'S REQUEST FOR A WAIVER OF THE AUTOMATIC FORFEITURES. (Citations omitted.)

2. Release should not be granted unless the court finds that there is no substantial risk the appel-

lant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take

The issues in release from confinement pending appeal, and deferment of sentence to confinement pending convening authority's action as described in Article 57(d), UCMJ, 10 U.S.C. § 857(d), are substantially different from issues surrounding waiver of automatic forfeitures described in Article 58b, UCMJ, 10 U.S.C. § 858b. The former obviously involves personal freedom[3] and substantial liberty interests[4] while the latter deals with matters of public policy and the continued monetary compensation of a service member who is actually serving a sentence of confinement.

In *Brownd,* our superior court considered it appropriate to step into the breach because:

no official is designated to establish standards governing exercise of the convening authority's discretion [as to deferment of confinement under Article 57(d), UCMJ, 10 U.S.C. § 857(d)[5]]. We are not persuaded that 'sole discretion' is absolute and unreviewable. Rather, we are impelled by our judicial responsibility to conduct a review of the convening authority's action to determine whether he has abused his discretion.

*Brownd,* 6 M.J. at 339.

We concede that as to matters of waiver generally, there is an affinity in the law for written decision providing reasons for denial and which might then later provide a basis for judicial review. However, we do not agree that the rationale in *Sloan,* 35 M.J. 4, should be extended to denial of a waiver request concerning application of the forfeiture of pay directed by Article 58b, UCMJ, 10 U.S.C. § 858b, because judicial review of this decision is not contemplated. The underlying R.C.M. provision to *Sloan,* and its supporting case law, have applicability only to post-sentence confinement, not to forfei-

tures. While the President of the United States may choose at some future time to provide a similar rule for treatment of a waiver of the mandated forfeitures, he has yet to do so. We decline the opportunity to impose such a requirement by judicial fiat.

Our superior court has discussed the difference between determining sentence appropriateness and granting clemency and the role of the service appellate courts in that process.

Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. Clemency involves bestowing mercy—treating an accused with less rigor than he deserves....

... Article 66, UCMJ, 10 U.S.C. § 866, assigns to the Courts of Military Review [now Courts of Criminal Appeals] only the task of determining sentence appropriateness: doing justice. Of course, a judicial body is especially suited to perform this task. The responsibility for clemency, however, was placed by Congress in other hands. Thus, the convening authority may grant mercy by not referring charges to trial or, after trial, by reducing the accused's sentence pursuant to 'command prerogative.' *See* Art. 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1)....

Undoubtedly, Congress intended to entrust clemency to the persons who it believed would be best qualified and in the best position to obtain and evaluate information relevant to clemency—such as the accused's conduct while in confinement, **personal financial burdens confronting the accused or his family,** and his present mental and physical conditions. We also presume that Congress did not want to duplicate responsibility for the same activity.

---

into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release.
ABA Standards, Criminal Appeals § 2.5(b)(1970).

3. Judge Sullivan of our superior court recently wrote of the importance of the importance a good criminal justice system would place on even one day of unjust confinement. *See United States v. McCarthy,* 47 M.J. 162, 168 (1997)(Sullivan, J., concurring).

4. As noted in *Brownd,* Article 57(d), UCMJ, 10 U.S.C. § 857(d) "create[s] 'for the first time a

procedure similar to release on bail pending appeal in civilian courts'." *Brownd,* 6 M.J. at 341 (citing *Collier v. United States,* 19 C.M.A. 511, 515, 42 C.M.R. 113, 117, 1970 WL 7015 (1970)(Perry, J., concurring)(quoting S.Rep. No. 1601, *reprinted in* 1968 U.S.C.C.A.N. 4501, 4503.)).

5. The President later concluded he had such authority and prescribed standards in R.C.M. 1101(c)(3).

*United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988)(emphasis added).

We view the authority to waive forfeitures given the convening authority under Article 58b, UCMJ, 10 U.S.C. § 858b, to be an extension of his clemency powers under Article 60(c), UCMJ, 10 U.S.C. § 860(c). In fact, the waiver provision in Article 58b, UCMJ, 10 U.S.C. § 858b specifically refers to Article 60, UCMJ, 10 U.S.C. § 860 in its text. Clemency is within the convening authority's sole discretion and, as suggested in *Healy,* 26 M.J. at 396, we do not believe that Congress envisioned judicial review over the substantive exercise of that discretion.

We conclude that under current military practice there is no requirement for the convening authority to state the reasons for denying a request to waive the forfeitures directed by Article 58b, UCMJ, 10 U.S.C. § 858b. While professionalism and civility may suggest that an explanation in the written response to such a waiver request is appropriate, there is otherwise no statutory or regulatory requirement to do so. We find no error in the convening authority's response in this case and conclude that the assigned error lacks merit.

The findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge LUCAS and Judge OLIVER concur.