# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32449**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Thomas P. EDWARDS IV**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 March 2018

———————————

*Military Judge:* Michael D. Schag.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, and reduction to E-1. Sentence adjudged 25 October 2016 by SpCM convened at Joint Base San Antonio-Randolph, Texas.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Major Matthew L. Tusing, USAF.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

———————————

**PUBLISHED OPINION OF THE COURT**

———————————

HARDING, Senior Judge:

A special court-martial composed of a military judge found Appellant guilty, in accordance with his pleas, of one specification of wrongful appropriation (of funds belonging to his mother-in-law) and three specifications of assault consummated by a battery (committed against his wife and mother-in-

law) in violation of Articles 121 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 928.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. In accordance with the pretrial agreement (PTA), the convening authority approved only three months of confinement and otherwise approved the adjudged sentence. The convening authority did not waive the mandatory forfeiture of pay required by Article 58b, UCMJ, 10 U.S.C. § 858b, as requested by Appellant.

Appellant raises two issues for our consideration on appeal: (1) Whether he is entitled to new post-trial processing because the convening authority failed to approve or deny Appellant's request to waive the mandatory forfeiture of pay; and (2) Whether the military judge erred by allowing improper sentencing evidence.[2] We find no relief is warranted and affirm the findings and sentence.

## I. BACKGROUND

Appellant requested, as part of his clemency submission, waiver of the mandatory forfeiture of pay for the benefit of his wife and daughter. Appellant had not previously requested a waiver of the mandatory forfeitures. The addendum to the staff judge advocate's recommendation (SJAR) included Appellant's clemency submission as an attachment and informed the convening authority that he "must consider these matters before taking final action in this case." The addendum did not, however, specifically highlight the request for waiver of the mandatory forfeitures or provide a recommendation on the request. Further, the addendum did not include an indorsement from the convening authority stating that he considered the attachments to the addendum before taking action on this case. The convening authority took action on 17

---

[1] We note slight differences in the wording of Specifications 1, 2, and 3 of Charge II on the court-martial order (CMO) and the charge sheet. Specification 1, as it appears on the charge sheet, alleges Appellant "did unlawfully strike JM on her face *and* unlawfully grab her arms *with his hands*." (Emphasis added). On the CMO, the phrase "with his hands" precedes the word "and" instead of appearing at the end of the specification. Specification 2 on the charge sheet places "and" between "foot" and "hand." On the CMO, "and" is replaced by the word "or." Finally, the words "with his hands" appears in Specification 3 on the charge sheet, but are completely omitted from the CMO. All the same CMO errors are in the Report of Result of Trial. We order promulgation of a new CMO to correct these scrivener errors.

[2] Appellant raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have considered and reject this claim, which neither requires additional analysis nor warrants relief. See *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

January 2017. The action did not reference Article 58b, UCMJ, or contain any language to waive mandatory forfeitures.

In a declaration dated 13 July 2017, the convening authority addressed the processing of Appellant's request to waive mandatory forfeitures as follows:

> It has come to my attention that neither the [a]ddendum to the [s]taff [j]udge advocate [sic] nor my action specifically addressed [Appellant's] request for waiver of mandatory forfeitures. When I received [Appellant's] waiver of mandatory forfeitures request, I considered it and decided against approval. Therefore, the absence of the approval language in the signed action captured my disapproval.

## II. DISCUSSION

Appellant asserts that the action of the convening authority is ambiguous on the matter of waiver of mandatory forfeiture of pay due to the absence of a separate document memorializing the convening authority's decision to deny the request. Appellant further asserts that the convening authority erred by not memorializing a justification for the denial and that, in any event, the denial of the request for waiver of forfeitures was an abuse of discretion by the convening authority. We disagree.

The forfeitures to which Appellant refers are those directed by Article 58b, UCMJ. A servicemember sentenced by a special court-martial to confinement coupled with a bad-conduct discharge forfeits two-thirds of his basic pay beginning on the fourteenth day of his confinement. Pay is forfeited through the end of the period of confinement. The convening authority may, however, waive application of these mandatory forfeitures and direct payment of them to dependents of the servicemember.

Appellant requested such a waiver on behalf of his dependent wife and daughter. The convening authority denied Appellant's request but provided neither a written denial nor reasons for the denial. Appellant now directs our attention to *United States v. Sloan*, 35 M.J. 4 (C.M.A. 1992), a case addressing the denial of a request for *deferral* of confinement, for the proposition that a denial of a request for *waiver* of mandatory forfeitures must be in writing. Appellant further asserts that the written denial of a request for waiver of mandatory forfeitures must provide reasons for the denial so the decision can be reviewed for abuse of discretion. In so doing, Appellant overlooks key differences between deferral of an adjudged component of a sentence and waiver of statutorily mandated forfeitures.

As noted by our superior court in *Sloan*, Rule for Courts-Martial (R.C.M.) 1101(c)(3) provides that a convening authority's decision to deny a deferment

request is subject to judicial review for abuse of discretion. The court described the convening authority's obligation to provide a basis for a denial in the record. *"*When a convening authority acts on an accused's request for *deferment* of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based." *Id.* at 7 (emphasis added).

Unlike a decision on *deferment* of adjudged punishment, a convening authority's decision on *waiver* of mandatory forfeitures is not subject to judicial review for abuse of discretion. *See* R.C.M. 1101(d). There is also no requirement that the convening authority's decision on *waiver* be written, served on the accused, made a part of the record, or contain a rationale for denial.

The exercise of a convening authority's discretion to waive mandatory forfeitures under Article 58b, UCMJ, is a matter of clemency under Article 60(c), UCMJ, 10 U.S.C. § 860(c), and thus not subject to judicial review. *United States v. Gentry*, No. ACM S31361, 2008 CCA LEXIS 454, at *9 (A.F. Ct. Crim. App. 30 Oct. 2008) (unpub. op.) (citing *United States v. Quintin*, 47 M.J. 798, 801 (N.M. Ct. Crim. App. 1998). The impetus of judicial review that drives the requirement for a written justification for denial of a deferment request is lacking for denial of a waiver request. As our superior court suggested in *United States v. Healy*, 26 M.J. 394, 396 (C.M.A. 1988), we do not believe that Congress envisioned judicial review over the substantive exercise of the convening authority's discretion to grant clemency.

We conclude that the convening authority was not required to provide a written rationale for the denial of Appellant's request for waiver of mandatory forfeitures. His denial was reflected in the action by the absence of any reference to waiver and Article 58b, UCMJ. Given that Appellant waited until after he was served with the SJAR to request the waiver, as opposed to doing so shortly after trial, it is not surprising that the denial was not reduced to a separate writing. Instead, given the timing of the waiver request, the convening authority's decision to deny the waiver request was effectively announced when the action did not grant the request for waiver.[3] The convening authority was not required to separately notify the Appellant or explain the denial. Although the addendum to the SJAR did not contain the expected statement from the convening authority that he considered Appellant's clemency matters prior to taking action, his declaration clearly establishes that he did.

---

[3] Approval of requests for waiver of mandatory forfeitures are usually formalized in the convening authority's action.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court