UNITED STATES, Appellee,

v.

Private First Class Kevin B. ZIMMER, United States Army, Appellant.

ARMY 20000609.

U.S. Army Court of Criminal Appeals.

26 April 2002.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Major Mary M. McCord, JA (on brief).

For Appellee: Colonel Steven T. Salata, JA; Lieutenant Colonel Margaret B. Baines, JA; Captain Braulio Mercader, JA (on brief).

Before CANNER, Senior Judge, CARTER, and HARVEY, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful use and distribution of cocaine (two specifications of each), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for seven months, forfeiture of all pay and allowances, and reduction to Private E1.

Appellant raises two assignments of error in this Article 66, UCMJ, 10 U.S.C. § 866, appeal: (1) that the convening authority abused his discretion in denying appellant's request to defer automatic forfeiture of appellant's pay and allowances; and (2) that the

staff judge's advocate's (SJA) addendum to his Rule for Courts–Martial [hereinafter R.C.M.] 1106 recommendation failed to address an allegation of legal error, i.e., that the convening authority's denial of appellant's request to defer forfeitures was improperly linked to appellant's exercise of his right to retain civilian defense counsel at his own expense. We agree that appellant's second assignment of error warrants relief and will reassess the sentence rather than return appellant's case for a new review and action. Concerning the first assignment of error, we hold that the record and allied papers contain insufficient information for us to conclude that the convening authority did not abuse his discretion in denying appellant's request to defer forfeiture of his pay and allowances and will grant remedial relief in our decretal paragraph, rather than return the case for a *DuBay*[1] hearing to determine the convening authority's reasons for denying the deferment request.

### Facts

A civilian defense counsel represented appellant at his trial on 17 July 2000, without the assistance of military counsel. At the time of trial, a military defense counsel, Captain (CPT) M, was appointed to assist appellant in the preparation of his post-trial clemency matters for the convening authority. By memorandum dated 25 July 2000, CPT M requested that the convening authority "defer the automatic forfeiture of all of PFC Zimmer's pay and allowances until initial action is taken in his case." *See* UCMJ art. 57(a)(2), 10 U.S.C. § 857(a)(2). This memorandum did not request a deferment of appellant's adjudged reduction to the grade of Private E1, which became effective by operation of law fourteen days after it was adjudged. *See* UCMJ art. 57(a)(1)(A). The memorandum explained that appellant's wife was a third year college student who also worked for $7.50 per hour, but earned insufficient money to pay their mortgage, car payment, and related living expenses, totaling $1,670.99 per month.

By memorandum dated 28 July 2000, the SJA forwarded appellant's deferment request to the convening authority with a rec-

ommendation that the convening authority disapprove the request. The SJA's recommendation did not state why the deferment request should be disapproved nor did it explain what criteria the SJA considered in making his recommendation or what criteria the convening authority should consider in making his decision. The convening authority subsequently signed an undated, one-sentence "action" denying the request without any explanation of why he denied the request or what criteria he considered in making his decision.

On 22 September 2000, CPT M submitted on appellant's behalf a three-page petition for clemency, with enclosures, under R.C.M. 1105 that reads in part:

b. The forfeitures adjudged at PFC Zimmer's court-martial should be waived as permitted under Article 58(b) [sic], Uniform Code of Military Justice. PFC Zimmer's civilian attorney did not address forfeitures at the court-martial. In a request dated 25 July 2000, I asked for deferment of automatic forfeitures in PFC Zimmer's case until initial action was taken. The Staff Judge Advocate, 82d Airborne Division, recommended the denial of the request and, as expected, that recommendation was followed. With this submission, Sir, I again request that the forfeiture of pay and allowances be waived. The Army, unlike any other organization, prides itself in taking care of its families. Regardless of PFC Zimmer's actions, his spouse, [Mrs.] Zimmer, is still part of the Army family. Mrs. Zimmer played no part in either incident that brought PFC Zimmer to court. As a matter of fact, she was not even in Fayetteville at the time. She should not be punished for PFC Zimmer's action yet his sentence impacts her severely. She is left with the responsibility of the couple's joint bills. These bills include a car payment and a mortgage. With a school teacher's salary, Mrs. Zimmer can barely make ends meet. Sir, it is easy to sit back and say that her husband, not the Army, caused her current predicament. But that ignores the fact that an innocent person is being punished and it ignores the

---

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37    C.M.R. 411, 1967 WL 4276 (1967).

fact that the UCMJ has a provision, Article 58(b) [sic], to prevent a dependent from suffering because of the soldier's actions. **Also, the 82d Airborne Division Criminal Law Office suggested that the request for the waiver of forfeitures should be denied because PFC Zimmer hired a civilian attorney to represent him at his court-martial. The logic is that if a soldier can afford to hire a civilian attorney, he or his family can surely afford to keep up the bills.** Sir, this is a shallow proposition that fails under scrutiny. In the Zimmer's case, PFC Zimmer's father sold his car and borrowed money from a family friend to hire the civilian attorney. The Zimmers are not wealthy. Mr. Zimmer just wanted to do all he could to help his son. But, **the bottom line is that Mrs. Zimmer should not be punished because of PFC Zimmer's actions or because he exercised his right to hire a civilian attorney.** Please consider the letter submitted by PFC Zimmer's mother, the memorandum submitted by PFC Zimmer's company commander [recommending that appellant's wife be "provided with BAQ at the rate for E–1 for a period of six months"], and the statement of bills submitted by Mrs. Zimmer.

Emphasis added.

The SJA's 13 October 2000 addendum to his post-trial recommendation did not treat these comments as legal error under R.C.M. 1106(d)(4) or otherwise address the implicit, if not explicit, allegation that the SJA's office believed appellant's case did not warrant deferment or waiver of forfeitures because appellant or his family had sufficient funds to hire a civilian attorney. On 13 October 2000, the convening authority took action in appellant's case and approved the sentence as adjudged, but did not waive any amount of forfeitures for appellant's wife. On 12 January 2001, appellant was released from confinement and placed on voluntary excess leave without pay and allowances, pending appellate review of his case.

In a post-trial affidavit filed with this court, CPT M states in part:

Around 10 August 2000, I asked the Chief of Criminal Law, 82d Airborne Division, Major [B], if he knew why the [25 July 2000] request [for deferment of automatic forfeitures] was denied. **I stated that every request for deferment I made in the past had been approved and I did not understand why PFC Zimmer's request was denied. Major [B] replied that if PFC Zimmer could afford a civilian attorney, he obviously did not need any money.**

On 22 September 2000, I submitted PFC Zimmer's request for clemency and again asked the convening authority to waive forfeitures of PFC Zimmer's pay for the benefit of PFC Zimmer's spouse. In the request I expressed my concerns about the denial of PFC Zimmer's earlier request for deferment. Shortly thereafter, I received an email from Major [B] chiding me for the comments in the clemency request. He said he was joking when he made the remark about the clemency. The convening authority again denied the request for waiver of forfeitures.

Emphasis added. The government did not provide any evidence contesting the accuracy of the defense counsel's affidavit.

## Deferment of Forfeitures

Any forfeiture of pay and/or allowances or reduction in grade that is part of an adjudged sentence of a court-martial takes effect fourteen days after the sentence is adjudged or on the date of the convening authority's action approving the sentence, whichever is earlier. UCMJ art. 57(a)(1). Additionally, even if no forfeiture or reduction in grade is adjudged, if an adjudged sentence includes (1) death, (2) confinement for more than six months, or (3) confinement for six months or less and a punitive discharge, then automatic forfeiture of pay and/or allowances [2] similarly begins fourteen days after the sentence is adjudged or

---

**2.** Automatic forfeitures consist of all pay and allowances if the trial was a general court-martial and forfeiture of two-thirds of all pay due during the period of confinement or parole if the trial was by a special court-martial. These automatic forfeiture provisions are inapplicable to summary courts-martial.

on the date of the convening authority's action approving the sentence, whichever is earlier. UCMJ art. 58b(a), 10 U.S.C. § 858b(a).

The intent of the fourteen-day rule in Article 57(a), UCMJ, enacted by Congress in 1996, was to change the then-existing system where a convicted accused often received full pay and allowances for months in post-trial confinement while awaiting the convening authority's action on his court-martial. The purpose of this statute was to ensure "that the desired punitive and rehabilitative impact on the accused occurred more quickly. Congress, however, desired that a deserving accused be permitted to request a deferment of any adjudged forfeitures or reduction in grade, so that a convening authority, in appropriate situations, might mitigate the effect of Article 57(a)." *Manual for Courts–Martial, United States* (2000 ed.), app. 21, R.C.M. 1101(c) analysis, at A21–78 [hereinafter R.C.M. 1101(c) analysis]. The right to petition the convening authority to defer the effective date of these punishments is a significant statutory right because, if granted, it permits an accused and his defense counsel to prepare and submit their R.C.M. 1105 clemency matters to the convening authority prior to forfeitures or a reduction in grade

taking effect. Deferment is not a suspension of the sentence or a form of clemency. R.C.M. 1101(c)(1) discussion.

As a practical matter, in almost every court-martial in which any one of the above sentences is adjudged, forfeitures will begin fourteen days after trial because a convening authority rarely takes action within fourteen days of an adjudged sentence. Any accused who receives one of the above described sentences may petition the convening authority to postpone or defer the effective date of forfeitures (adjudged or automatic) or a reduction in grade, until the convening authority takes action under Article 60, UCMJ, 10 U.S.C. § 860, in that accused's court-martial. UCMJ art. 57(a)(2).[3]

Exercising his rule-making authority under Article 36, UCMJ, 10 U.S.C. § 836, the President has prescribed in R.C.M. 1101 specific rules for the processing of deferment requests.[4] This provision provides in pertinent part:

(c) *Deferment of confinement, forfeitures or reduction in grade.*

(1) *In general.* Deferment of a sentence to confinement, forfeitures, or reduction in

---

**3.** A different provision, Article 57a(a), UCMJ, 10 U.S.C. § 857a(a), authorizes a convening authority to similarly defer execution of any sentence to confinement, which otherwise begins to run from the date the sentence is adjudged. UCMJ art. 57(b). See *United States v. Sebastian*, 55 M.J. 661 (Army Ct.Crim.App.2001), for a discussion of the right to request deferment of confinement in the military as a Congressional alternative to the Bail Reform Act of 1966, under which nonmilitary federal prisoners may seek post-trial bail pending appeal of their federal convictions.

**4.** We note that the President has prescribed different criteria and rules concerning a convening authority's *waiver* of automatic forfeitures and payment thereof to an accused's dependents for support:

> (d) *Waiving forfeitures resulting from a sentence to confinement to provide for dependent support.*
> (1) With respect to forfeiture of pay and allowances resulting only by operation of law and not adjudged by the court, the convening authority may waive, for a period not to exceed six months, all or part of the forfeitures for the purpose of providing support to the accused's dependent(s). The convening authority may

> waive and direct payment of any such forfeitures when they become effective by operation of Article 57(a).
> (2) Factors that may be considered by the convening authority in determining the amount of forfeitures, if any, to be waived include, but are not limited to, the length of the accused's confinement, the number and age(s) of the accused's family members, whether the accused requested waiver, any debts owed by the accused, the ability of the accused's family members to find employment, and the availability of transitional compensation for abused dependents permitted under 10 U.S.C. 1059.
> (3) For the purposes of this Rule, a "dependent" means any person qualifying as a "dependent" under 37 U.S.C. 401.

R.C.M. 1101(d). The President has not directed that a convening authority's decision concerning waiver of forfeitures for dependent support be subject to judicial review, nor has he imposed a requirement that the convening authority's denial of waiver of forfeitures be in writing or that it be served on the accused. See *United States v. Quintin*, 47 M.J. 798, 801 (N.M.Ct.Crim.App. 1998) (holding that there is no requirement for a convening authority to state reasons for denying a request to *waive* forfeitures).

grade is a postponement of the running of the sentence.

. . .

(3) *Action on deferment request.* The authority [described in R.C.M. 1101(c)(2) ] acting on the deferment request may, in that authority's discretion, defer service of a sentence to confinement, forfeitures, or reduction in grade. The accused shall have the burden of showing that the interests of the accused and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date. **Factors that the authority acting on a deferment request may consider in determining whether to grant the deferment request include,** where applicable: the probability of the accused's flight; the probability of the accused's commission of other offenses, intimidation of witnesses, or interference with the administration of justice; the nature of the offenses (including the effect on the victim) of which the accused was convicted; the sentence adjudged; the command's immediate need for the accused; the effect of deferment on good order and discipline in the command; the accused's character, mental condition, family situation, and service record. **The decision of the authority acting on the deferment request shall be subject to judicial review only for abuse of discretion. The action of the authority acting on the deferment request shall be in writing and a copy shall be provided to the accused.**

R.C.M. 1101(c)(1) and (3) (boldface added). The deferment request and the action on the request must be attached to the record of trial. R.C.M. 1103(b)(3)(D).

■ We review a convening authority's decision to deny a request for deferment of punishment under an abuse of discretion standard. *United States v. Sloan,* 35 M.J. 4, 6 (C.M.A.1992) (citing R.C.M. 1101(c)(3)); *United States v. Brownd,* 6 M.J. 338, 339 (C.M.A.1979); *Sebastian,* 55 M.J. at 663 (citation omitted). Rule for Courts–Martial 1101(c)(3) does not expressly require that a

convening authority's written action on a deferment request state reasons for his decision, but the commentary to that provision states that "[i]f the request for the deferment is denied, the basis for the denial should be in writing and attached to the record of trial." R.C.M. 1101(c)(3) discussion.[5] When a convening authority is alleged to have denied deferment of adjudged punishment for an improper or unlawful reason, it is difficult for our court to affirm that denial on judicial review unless the convening authority's reasons for his decision are documented in the record of trial and its allied papers. As our superior court stated when interpreting R.C.M. 1101(c)(3) in a deferment-of-confinement case:

> If it be suggested that this requirement of a written action may not embrace a requirement that the writing include the *reasons* for the action, one might ask rhetorically how a court of military review or this Court could measure an abuse of discretion if the basis for the exercise of that discretion is unknown (citation omitted). Indeed, the drafters of RCM 1101(c)(3) expressly admonish that, "[b]ecause the decision to deny a request for deferment is subject to judicial review, the basis for denial should be included in the record." Drafters' Analysis to RCM 1101(c)(3), Manual, *supra* at A21–69.

> Judicial review is not an exercise based upon speculation, and we will not permit convening authorities to frustrate the lawful responsibility of the courts of military review and this Court that was clearly articulated as early as *Brownd* in 1979. **If there has been any doubt in any quarter before, let us now resolve it: When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based.**

*Sloan,* 35 M.J. at 6–7 (alteration in original) (footnote omitted) (boldface added).

deferment is subject to judicial review, the basis for denial should be included in the record.").

**5.** *See also* R.C.M. 1101(c) analysis at A21–78. ("Because the decision to deny a request for

■ In appellant's case, the convening authority's denial of the request to defer automatic forfeitures failed to identify any reason for the decision. This was error. *Sloan,* 35 M.J. at 6–7; R.C.M. 1101(c)(3) discussion. Furthermore, neither the convening authority's summary denial nor the SJA's memorandum recommending denial indicated, in any manner, that the criteria articulated by the President in R.C.M. 1101(c)(3) were even considered. Nothing in the allied papers documented the convening authority's reasons for denying deferment of forfeitures in appellant's case. Both in his clemency petition and on appeal, appellant has alleged that the convening authority's decision was improperly based on appellant's retaining a civilian attorney at his court-martial.

■ Even though a convening authority commits legal error when he denies a request to defer punishment under R.C.M. 1101(c)(3) without stating his reasons in writing, an individual appellant is not *entitled* to relief unless the error "materially prejudices the substantial rights of the accused." UCMJ art. 59(a), 10 U.S.C. § 859(a); *see also United States v. Brown,* 54 M.J. 289, 292–93 (2000) and *Sloan,* 35 M.J. at 7 (both cases finding no relief warranted after applying a prejudice analysis). Absent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant to relief.

■ Applying a *Wheelus* analysis to the post-trial error in this case, we hold that appellant has made a credible allegation that the convening authority may have granted appellant's deferment request, but for the consideration of an improper factor. Thus, appellant has established a "colorable showing of possible prejudice." *United States v. Wheelus,* 49 M.J. 283, 289 (1998) (citation omitted). Under *Wheelus,* we must either provide meaningful relief or return the case for a new review and action. *Id.* Returning this case for a new review and action will not create a factual record documenting the factors that the original convening authority considered when he denied appellant's deferment request. We considered ordering the convening authority and his staff judge advocate to testify at a *DuBay* hearing to explain why appellant's deferment request was denied. However, rather than returning the record for a *DuBay* hearing on this issue, we will exercise our broad power to moot claims of prejudice by reassessing the sentence. UCMJ art. 66(c); *Wheelus,* 49 M.J. at 288.

### Failure to Comment on Legal Error Raised in the R.C.M. 1105 Submission

The problem of the record's omission of the convening authority's reasons for his deferment decision is compounded by the SJA's failure to comment on the allegations raised in appellant's clemency petition. A SJA must give his or her opinion as to whether "corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or **when otherwise deemed appropriate by the staff judge advocate.**" R.C.M. 1106(d)(4) (emphasis added). When evaluating a clemency submission for "legal error," a SJA must look at the substance of the submission, rather than limiting rebuttal comments to items expressly alleged as "legal error." When in doubt as to whether "legal error" is raised, a prudent SJA will treat an assertion as legal error and comment as required by R.C.M. 1106(d)(4).

■ In appellant's case, we hold that the SJA erred by not treating as "legal error" trial defense counsel's assertion that the SJA's office considered appellant's hiring of a civilian attorney to be a valid reason to deny deferment or waiver of forfeitures. Assuming *arguendo* that appellant's R.C.M. 1105 submission did not raise a "legal error," the unchallenged assertion that "the 82d Airborne Division Criminal Law Office suggested that the request for the waiver of forfeitures should be denied because PFC Zimmer hired a civilian attorney to represent him at his court-martial [and that therefore] he or his family can surely afford to keep up the bills" should have set off red lights and warning bells. It certainly was a matter that a prudent SJA should have "deemed appropriate" under R.C.M. 1106(d)(4) to warrant comment to his convening authority.

Rather than returning the record for a new review and action to remedy the SJA's

error of failing to comment on the allegation of legal error, we will again exercise our broad power to moot claims of prejudice by reassessing the sentence. UCMJ art. 66(c); *Wheelus*, 49 M.J. at 288.

### Decision

As a remedy for the post-trial errors in this case, appellant requests that we set aside his bad-conduct discharge. In our judgment, such a remedy is unwarranted in this case. We will set aside four months of the approved sentence to confinement (which has already been served) and the adjudged forfeitures. This will permit appellant to receive pay and allowances as an E1 (he never requested deferment of his reduction) for the ten weeks that forfeitures would have been deferred (31 July 2000, the date forfeitures started, until 13 October 2000, the date of action), plus an additional six weeks to moot any possible prejudice arising from the SJA's failure to address appellant's allegation of legal error. We are satisfied that such a remedy adequately moots any claim of prejudice that appellant has at this point in the appellate process and negates any necessity to return this case to the convening authority for additional factfinding and/or a new review and action.

We have considered the matters personally asserted by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty are affirmed. Reassessing the sentence after considering the entire record, including the errors noted herein, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for three months, and reduction to Private E1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored as mandated by Article 75(a), Uniform Code of Military Justice.

Senior Judge CANNER and Judge HARVEY concur.

UNITED STATES, Appellee,