UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist JEREMY A. HUGHES
 United States Army, Appellant

 ARMY 20090144

 Headquarters, 3d Infantry Division and Fort Stewart
 Tara Osborn, Military Judge
 Colonel Jonathan C. Guden, Staff Judge Advocate (pretrial and addendum)
 Lieutenant Colonel Stacy E. Flippin, Acting Staff Judge Advocate
 (recommendation)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Timothy W. Thomas, JA; Captain Pamela Perillo, JA (on
brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Christopher B. Burgess, JA (on brief).

 9 December 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his plea, of desertion, in violation of Article 85,
Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 885. The
military judge sentenced appellant to confinement for nine months,
reduction to the rank of E-1, and a bad-conduct discharge. Pursuant to a
pretrial agreement, the convening authority approved only seven months of
the sentence to confinement, but otherwise approved the adjudged sentence.
The convening authority also credited appellant with twenty-five days of
pretrial confinement credit.

 This case is before us for review under Article 66, UCMJ. Appellate
defense counsel allege unreasonable post-trial delay as well as matters
raised personally by appellant pursuant to United States v. Grostefon, 12
M.J. 431 (C.M.A. 1982). For the reasons below, we will not consider these
matters at this time and instead return the record of trial for a new
review and action.

 The court notes a request for waiver of automatic forfeitures dated 23
February 2009 in the record of trial. Although the body of the request
references the Rule for Courts-Martial (R.C.M.) 1101(c) provision
concerning deferment of forfeitures, we consider this an oversight as the
document is clearly styled in terms of waiver of automatic forfeitures and
the request is for payment directly to the appellant’s family members.
This document was inserted in the record of trial between two other post-
trial documents: a disapproved request for a post-trial discharge in lieu
of court-martial, dated 10 August 2009, and the DA 4430 (Report of Result
of Trial). Markings on the waiver request lead us to believe the
government received this document on 2 March 2009. We found no evidence
in the record of trial indicating the convening authority ever saw this
request, let alone acted upon it. This was not cited as error in
appellant’s R.C.M. 1105 submissions or his appellate brief.

 We are cognizant that R.C.M. 1101(d) does not require written denial
of a request for waiver of forfeitures nor service of that denial on the
accused. See also United States v. Zimmer, 56 M.J. 869, 872 (Army Ct.
Crim. App. 2002) (discussing R.C.M. 1101(d)). However, any request
authorized under these rules is meaningless if the convening authority does
not at least have the opportunity to consider it, along with the factors
listed in R.C.M. 1101(d)(2).

 Appellant has dependents, and explained in his waiver request and 1105
matters that they were in financial need. Based on these submissions, we
cannot say appellant failed to demonstrate a “colorable showing of possible
prejudice,” especially when the record contains no evidence the convening
authority acted on the requested waiver of automatic forfeitures. See
United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998) (discussing
appellant’s burden).

 This court enjoys broad powers to remedy acknowledged errors in the
post-trial processing of cases. See United States v. Fagan, 59 M.J. 238,
244 (C.A.A.F. 2004). By returning this case for a new review and action,
appellant has an opportunity to have his request for waiver of automatic
forfeitures considered in a revised clemency submission.

 CONCLUSION

 The action of the convening authority, dated 8 October 2009, is set
aside. The record of trial will be returned to The Judge Advocate General
for a new review and action by the same convening authority in accordance
with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court