# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 CORY S. LEBEAU**
**United States Army, Appellant**

ARMY 20111096

Headquarters, Joint Readiness Training Center and Fort Polk
Virginia Carlton, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Kevin F. Sweeney, JA (on brief).

For Appellee:  Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

26 June 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of failure to obey a lawful order and wrongful use of heroin, in violation of Articles 92 and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, twelve months of confinement, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises two assignments of error to this court, one of which merits discussion but no relief.  Appellant's remaining assignment of error is without merit.

In his second assignment of error, appellant alleges this court should grant appellant appropriate sentence relief because the convening authority erred when he failed to provide a specific basis for denying appellant's request for deferment of automatic forfeitures and rank reduction. *See* Rule four Court-Martial [hereinafter R.C.M.] 1101(c)(3); *United States v. Zimmer*, 56 M.J. 869 (Army Ct. Crim. App. 2002).

On 16 December 2011, appellant submitted a request for deferment of automatic and adjudged forfeitures to the convening authority.[*] Appellant specifically requested deferment of forfeitures until action so that he could "pay for drug and alcohol rehabilitation upon his release from confinement." On 19 December 2011, the staff judge advocate sent an email to the convening authority informing him of appellant's request for deferment. The convening authority responded by email and stated that he denied appellant's request. The convening authority did not provide a basis for the denial of appellant's request.

Upon application of the accused, Articles 57(a) and 58b, UCMJ, enable a convening authority to defer automatic forfeitures until the date on which the convening authority approves the sentence under Article 60, UCMJ. Once a request is submitted by the accused, "the action of the authority acting on the deferment request shall be in writing and a copy shall be provided to the accused." R.C.M. 1101(c)(3). A convening authority's failure to identify any reason for the denial of an appellant's request to defer forfeitures is error. *Zimmer*, 56 M.J. at 874.

Accordingly, there was error in this case. *Id*. However, "[e]ven though a convening authority commits legal error when he denies a request to defer punishment . . . without stating his reasons in writing, an individual appellant is not entitled to relief unless the error 'materially prejudices the substantial rights of the accused.'" *Id*. (citing UCMJ art. 59a; *United States v. Brown*, 54 M.J. 289, 292-93 (C.A.A.F. 2000)). "Absent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant to relief." *Zimmer*, 56 M.J. at 874. Here, appellant has neither claimed an unlawful or improper purpose for the convening authority's denial of his request for deferment nor alleged that he was prejudiced in any specific way by the convening authority's denial. As such, appellant has failed to demonstrate a material prejudice to his substantial rights.

---

[*] Despite the language of the assignment of error, counsel never requested deferment of his adjudged reduction in rank. Furthermore, although counsel did request deferment of both automatic and adjudged forfeitures, no forfeitures were adjudged at trial.

## CONCLUSION

On consideration of the entire record and the submission by the parties, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact.  Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court