# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHANDLER W. DEAN**
**United States Army, Appellant**

ARMY 20140058

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Wade N. Faulkner, Military Judge
Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Robert N. Michaels, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Captain Carling M. Dunham, JA (on brief).

10 February 2015

---------------------------------
OPINION OF THE COURT
---------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of possession of child pornography in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2006).  The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  Appellant raises one assignment of error, which merits discussion but not relief.  We have also considered those matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find one which merits discussion and relief.

DEAN—ARMY 20140058

***Staff Judge Advocate's Advice and Convening Authority's Action on
Appellant's Request for Deferment and Waiver of Automatic Forfeitures and
Deferment of Adjudged Reduction in Grade***

Appellant was sentenced on 15 January 2014. Appellant was subject to automatic forfeiture of all pay and allowances effective 29 January 2014 because his sentence included more than six months confinement. *See* UCMJ arts. 58b(a), 57(a).[1] Appellant's Expiration Term of Service (ETS) was 11 February 2014.

On or about 5 March 2014, appellant submitted a memorandum to the convening authority (CA) titled "Request for Deferment/Waiver of Automatic Forfeitures and Reduction in Rank, US v. Dean," wherein he requested retroactive deferment and waiver of automatic forfeitures and the deferment of adjudged reduction in grade[2]:

> [Appellant] specifically requests that any waiver/deferment that is granted be utilized for the benefit of providing for his elderly mother . . . . [Appellant's mother] is a widow who currently resides alone . . . . [Appellant] assisted in the financial support of his mother prior to his Court-Martial. Knowing that she suffers from diabetes and that the cost of her medications is of great concern due to her fixed income, [appellant] would like to continue to assist in her financial stability even if it is for a limited period of time.

In the memorandum, appellant also requested that the CA grant a deferment of the adjudged reduction in grade: "The defense requests that you grant the deferment of the adjudged reduction in rank and the deferment of automatic forfeitures for a mother with minimal means."[3]

---

[1] Articles 58b(a)(1) and 57(a)(1), UCMJ, read together provide that automatic forfeitures take effect on the earlier of fourteen days after the date on which sentence is adjudged or the date on which the sentence is approved by the CA. In this case, the CA took action on appellant's case on 19 March 2014, well past fourteen days after sentence was adjudged.

[2] The memorandum was submitted contemporaneously with appellant's Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters.

[3] The adjudged reduction in grade was also effective fourteen days after the sentence was adjudged. *See* UCMJ art. 57(a).

DEAN—ARMY 20140058

In the addendum dated 19 March 2014, the Staff Judge Advocate (SJA) acknowledged appellant's request for retroactive deferment and waiver of automatic forfeitures to be paid to appellant's mother for financial support, advised the CA that no corrective action was required, and recommended that he approve the adjudged sentence. The SJA did not provide any reasons why the CA should or should not approve appellant's request for deferment and waiver of automatic forfeitures. The addendum was silent as to appellant's request for deferment of the adjudged reduction in grade. Appellant's 5 March 2014 request for deferment and waiver of automatic forfeitures and deferment of the adjudged reduction in grade was an enclosure to the addendum. On 19 March 2014, the CA signed a document titled "Direction of the Convening Authority," which stated: "After reviewing the Addendum to the Staff Judge Advocate's Post-Trial Recommendation and each of the enclosures listed therewith, the recommendation of the Staff Judge Advocate dated 19 March 2014 is: approved."

Appellant's assignment of error has two parts. First, appellant avers the record is insufficient to show the CA took action on appellant's 5 March 2014 request for deferment of automatic forfeitures and adjudged reduction in grade and waiver of automatic forfeitures. While the SJA's addendum referenced appellant's request for deferment and waiver of automatic forfeitures, the SJA recommended that no corrective action was required and that the CA approve the adjudged sentence. The SJA made no recommendation regarding whether appellant's request for deferment and waiver of automatic forfeitures should be granted or denied. The addendum did not reference appellant's request for deferment of adjudged reduction in grade. The CA approved the SJA's recommendation. Second, appellant argues that even if the CA acted on appellant's request for deferment, the action was not in accordance with *United States v. Sloan,* 35 M.J. 4, 7 (C.M.A. 1992), because the CA did not include the reasons why he denied appellant's request for deferment of automatic forfeitures and adjudged reduction in grade. Appellant alleges he has established a colorable showing of possible prejudice because the errors by the SJA and the CA's failure to act upon and potentially grant appellant's request resulted in financial loss to his mother. Appellant asks that we send his case back to the CA for a new review and action.

The government argues the SJA's statement in the addendum that no corrective action is required and his recommendation that the CA approve the adjudged sentence was an implicit recommendation that the CA disapprove appellant's request for deferment and waiver of automatic forfeitures. The government further argues that the CA's summary denial of deferment and waiver without a detailed analysis was not error. Finally, the government avers appellant failed to clearly request deferment of the adjudged reduction in grade because appellant's memorandum referenced only a request for deferment of the adjudged reduction in grade in the subject block and towards the end of the memorandum and,

3

perhaps, the request was a typographical error from a different request for clemency.[4]

We find that appellant's request for deferment of the adjudged reduction in grade was clear and unequivocal. It was in appellant's interest to request deferment of the adjudged reduction in grade to maximize the retroactive deferment of automatic forfeitures if approved by the CA. If the convening authority had retroactively deferred automatic forfeitures and deferred appellant's adjudged reduction in grade, appellant would have received pay and allowances at the E-4 rate rather than the E-1 rate during the period of deferment.

We further find the record sufficiently reflects the CA reviewed, considered, and acted on appellant's 5 March 2014 request for retroactive deferment of automatic forfeitures, waiver of automatic forfeitures, and retroactive deferment of adjudged reduction in grade. The SJA enclosed a copy of appellant's request with the addendum. The CA stated in writing that he reviewed each of the enclosures to the addendum.[5]

We now analyze whether the CA erred in failing to set forth a specific basis for denying appellant's request for deferment of automatic forfeitures and the adjudged reduction in grade.

Rule for Courts-Martial 1101(c) authorizes a CA, in his discretion, to grant or deny a request to defer a sentence to confinement, forfeitures, or reduction in grade. The decision of the CA shall be in writing with a copy provided to the accused. R.C.M. 1101(c)(3). The CA's decision is reviewed by appellate courts for an abuse of discretion. R.C.M. 1101(c)(3). Although R.C.M. 1101(c) does not require the CA to set forth reasons for his decision, our superior court held that when a CA "acts on an accused's request for deferment of all or part of an adjudged sentence,

---

[4] The government posits that appellant failed to establish that appellant's mother was a qualified dependent eligible to receive waived forfeitures. *See* R.C.M. 1101(d)(3); 37 U.S.C. § 401. We agree.

[5] We note appellant's request for retroactive deferment of adjudged reduction in grade was intended to maximize the amount of forfeitures available for appellant to support his mother. Despite the SJA's failure to specifically reference appellant's request for deferment of the adjudged reduction in grade in the addendum, such a deferment would have added nothing in financial support for appellant's mother given that the CA denied appellant's request for retroactive deferment of automatic forfeitures. Appellant offered no other basis in support of his request to defer his adjudged reduction in grade.

. . . [the CA] must include the reasons" for either granting or denying the accused's request for deferment.  *Sloan*, 35 M.J. at 7; *see also* R.C.M. 1101(c)(3) discussion ("If the request for deferment is denied, the basis for the denial should be in writing and attached to the record of trial.").[6]  Our court has applied the requirement for the CA to include reasons when acting on a request to defer automatic forfeitures pursuant to R.C.M. 1101(c).  *United States v. Zimmer*, 56 M.J. 869 (Army Ct. Crim. App. 2002).[7]

The CA summarily denied appellant's request for deferment of automatic forfeitures and adjudged reduction in grade.  This was error.  *See id.* at 874.  However, a CA's failure to include reasons for denial does not entitle appellant to relief absent credible evidence that the CA's denial was for unlawful or improper reasons.  *Id.*  Appellant must make a "colorable showing of possible prejudice" that the CA would have granted the deferment absent consideration of the unlawful or improper reason.  *Id.* (citing *United States v. Wheelus*, 49 M.J. 283, 289 (1998)).

---

[6] *Sloan* was decided prior to Congressional amendments to the Uniform Code of Military Justice authorizing automatic forfeitures and Presidential amendments to the Manual for Courts-Martial implementing rules regarding deferment and waiver of automatic forfeitures.  *See Manual for Courts-Martial, United States* [hereinafter *MCM*] (2012 ed.), App'x 21, R.C.M. 1101(c)-(d) analysis, at A21-83.

[7] Unlike deferments, R.C.M. 1101(d) does not provide for abuse of discretion review of a CA's decision regarding waiver of automatic forfeitures.  Both the Navy Marine-Corps Court of Criminal Appeals and the Air Force Court of Criminal Appeals have held there is no requirement for a CA to state reasons for denying a request to waive automatic forfeitures.  *See United States v. Quintin*, 47 M.J. 798, 801 (N.M. Ct. Crim. App. 1998); *United States v. Gentry*, ACM S31361, 2008 CCA LEXIS 454, at *9 (A.F. Ct. Crim. App. 30 Oct. 2008).  Our court in *Zimmer* noted the President has not directed that a CA's denial of waiver of automatic forfeitures be in writing, served on the accused, or subject to judicial review and cited to *Quintin*'s holding that the CA is not required to state reasons for denying a request to waive automatic forfeitures.  *Zimmer*, 56 M.J. at 872 n.4.  We note that the Secretary of the Army requires the CA to show in the action any deferment of adjudged or automatic forfeitures, any deferment of automatic reduction in grade, and any waiver of automatic forfeitures.  *See* Army Reg. 27-10, Legal Services: Military Justice [hereinafter AR 27-10], paras. 5-32.a, 5-29.e (3 Oct. 2011).  If the CA has approved waiver of automatic forfeitures for a qualified dependent, the action must identify the person who will be receiving the waived forfeitures.  *See* AR 27-10, para. 5-32.a.

In this case, appellant makes no suggestion and there is no evidence that the convening authority denied appellant's request for retroactive deferment of automatic forfeitures and adjudged reduction in grade for any unlawful or improper reason. Appellant has not established a colorable showing of possible prejudice to warrant relief.

### *Providence of appellant's plea to conduct that is service discrediting and prejudicial to good order and discipline in the armed forces*

We now turn to appellant's allegation pursuant to *Grostefon* that he was not provident to Specifications 1 and 2 of the Charge because he did not describe nor understand how his conduct was service discrediting or prejudicial to good order and discipline in the armed forces. The government agrees with appellant that he was not provident to the portion of the terminal element pertaining to prejudice to good order and discipline in the armed forces, but argues that appellant providently pled to service discrediting conduct.

Each specification of possession of child pornography alleged appellant's conduct was in violation of clause 1 (conduct prejudicial to good order and discipline in the armed forces) or clause 2 (conduct of a nature to bring discredit upon the armed forces) of Article 134, UCMJ. "Conduct prejudicial to good order and discipline is conduct that causes a reasonably direct and palpable injury to good order and discipline." *United States v. Cendejas*, 62 M.J. 334, 340 (C.A.A.F. 2006); *see also MCM* (2008 ed.), pt. IV, ¶ 60.c.(2)(a). Conduct that is service discrediting is conduct that "tend[s] to bring the service into disrepute if it were known." *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011); *see also MCM* (2008 ed.), pt. IV, ¶ 60.c.(3).

We accept the government's concession and hold there is a substantial basis in law and fact to question appellant's pleas of guilty to conduct that was prejudicial to good order and discipline in violation of clause 1 of Article 134, UCMJ. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)); *see also* UCMJ art. 45(a); R.C.M. 910(e). The stipulation of fact is silent as to this portion of the element and the military judge did not elicit an adequate factual basis during the colloquy with appellant to support his pleas to committing conduct prejudicial to good order and discipline. We are satisfied, however, that appellant's descriptions of the service discrediting nature of his conduct during the colloquy evidenced his understanding, knowing, and voluntary admission that his conduct was of a nature to bring discredit upon the armed forces.

**CONCLUSION**

We affirm only so much of the findings of guilty of the Charge and its specifications as provide:

> SPECIFICATION 1:  In that Specialist (E-4) Chandler W. Dean, US Army, did, on or about 23 May 2011 and 02 June 2011, at or near Fort Sill, Oklahoma, wrongfully and knowingly possess 20 images and 3 videos of child pornography on his laptop, which conduct was of a nature to bring discredit upon the Armed Forces.
>
> SPECIFICATION 2:  In that Specialist (E-4) Chandler W. Dean, US Army, did, on or about 23 May 2011 and 02 June 2011, at or near Fort Sill, Oklahoma, wrongfully and knowingly possess 2 videos of child pornography on his cellphone, which conduct was of a nature to bring discredit upon the Armed Forces.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), the sentence is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court