# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39138**

———————————

**UNITED STATES**
*Appellee*

v.

**Danreddy L. JALOS**
Master Sergeant (E-7), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 September 2017

———————————

*Military Judge:* Charles E. Wiedie, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 12 months, and reduction to E-1. Sentence adjudged 20 June 2016 by GCM convened at Andersen Air Force Base, Guam.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges*.

Judge MINK delivered the opinion of the court, in which Senior Judges MAYBERRY and JOHNSON joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

MINK, Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his plea and a pretrial agreement (PTA), of one specification of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ),

10 U.S.C. § 885. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, and reduction to E-1. The convening authority approved the sentence as adjudged.[1]

Appellant raises one assignment of error: Whether the convening authority erred by summarily denying Appellant's request to defer and waive forfeitures. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

In June 2014, Appellant, a 34-year-old Master Sergeant, received permanent change of station orders from his duty assignment at Yongsan, Republic of Korea to Joint Base Pearl Harbor-Hickam, Hawaii. His report no later than date was 24 September 2014. In preparation for his move to Hawaii, Appellant returned to Suisun City, California, where his wife, family, and household goods were located. Appellant and his wife were having marital difficulties during this time. After being home for eight days, Appellant told his wife that he needed to drive his truck to the vehicle processing center in Los Angeles, California to have it shipped to Hawaii.

On 16 September 2014, while driving towards Los Angeles, Appellant became emotionally distraught to the point of contemplating suicide. Instead of driving to Los Angeles, Appellant turned his vehicle around and drove to Canada. He bought bus tickets to Toronto and Mexico, but actually boarded a flight to his birth country of the Philippines. He arrived in the Philippines on 19 September 2014. After being in the Philippines for a few weeks, Appellant contacted EC, a woman originally from the Philippines who was living in Korea and with whom he had developed a relationship while stationed at Yongsan.

Appellant never reported for his assignment to Hawaii, and at some point during his time in the Philippines he developed an intent to permanently remain away from his place of duty. In April 2016, after coordination among Canadian law enforcement, the Air Force Office of Special Investigations, the U.S. State Department, and Philippine law enforcement, Appellant was apprehended in the Philippines, deported, and returned to the custody of the Air Force.

On 20 June 2106, pursuant his PTA, Appellant pleaded guilty to desertion terminated by apprehension and was tried by a military judge sitting alone.

---

[1] The adjudged sentence was not affected by the PTA to approve no more than 19 months of confinement.

The military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, and reduction to the grade of E-1.

Four days after Appellant's court-martial, his area defense counsel submitted a one-page request to the convening authority asking for the deferment and waiver of automatic forfeitures of Appellant's pay and allowances, in accordance with Articles 57(a) and 57b, UCMJ, 10 U.S.C. §§ 857(a), 858b, and Rule for Courts-Martial (R.C.M.) 1101(c), (d). His defense counsel noted that Appellant's "family situation and service record favor deferment" and added that by waiving the automatic forfeitures, Appellant's E-1 pay "could be helpful to [Appellant's] wife and children," but provided no further elaboration. Six days later, on 30 June 2016, the convening authority denied Appellant's request. In its entirety, the written denial stated, "The request for deferment and waiver of automatic forfeitures is denied." In his clemency submission, Appellant noted his earlier request for deferment and waiver of forfeitures, but stated that he "d[id] not desire to make any additional clemency request, and waive[d] any further submission of clemency matters." The convening authority approved the adjudged sentence on 25 August 2016.

## II. DISCUSSION

In his single assignment of error, Appellant asserts that the convening authority erred by denying the request for deferment and waiver of automatic forfeitures when the convening authority failed to explain the reasons for the denial.

Although framed by Appellant as a single issue, Appellant's request actually contained two separate components: (1) the request to *defer* forfeitures, governed by Article 57(a) and R.C.M. 1101(c); and (2) the request to *waive* forfeitures, governed by Article 58b and R.C.M. 1101(d). Since a convening authority is not required to articulate the reasons for denial of a *waiver* request, the failure to do so was not error. *See* R.C.M. 1101(d); *United States v. Gentry*, No. ACM S31361, 2008 CCA LEXIS 454, at *8–9 (A.F. Ct. Crim. App. 30 Oct. 2008) (unpub. op.).[2]

However, in accordance with R.C.M. 1101(c)(3), the convening authority is required to articulate the reasons for the denial of a request to *defer* forfeitures. R.C.M. 1101(c)(3) requires a convening authority's action on a request for deferment of punishment to be made in writing and provides factors a convening authority may consider:

---

[2] We also note that the convening authority's affidavit submitted during appellate review indicates that he considered the factors listed in R.C.M. 1101(d) when denying the request.

> [T]he probability of the accused's flight; the probability of the accused's commission of other offenses, intimidation of witnesses, or interference with the administration of justice; the nature of the offenses (including the effect on the victim) of which the accused was convicted; the sentence adjudged; the command's immediate need for the accused; the effect of deferment on good order and discipline in the command; the accused's character, mental condition, family situation, and service record.

*Id.* "When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing . . . and *must include the reasons upon which the action is based.*" *United States v. Sloan*, 35 M.J. 4, 6–7 (C.M.A. 1992) (emphasis added); *see also* R.C.M. 1103(c)(3), Discussion ("If the request for deferment is denied, the basis for the denial should be in writing and attached to the record of trial.").

We review a convening authority's denial of a request for deferment of forfeitures for an abuse of discretion. R.C.M. 1101(c)(3); *Sloan*, 35 M.J. at 6.

Even when there is error in the convening authority's action on a deferment request, relief is only warranted if an appellant makes a colorable showing of possible prejudice. *United States v. Brown*, 54 M.J. 289, 292 (C.A.A.F. 2000); *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998); *see also United States v. Eppes*, No. ACM 38881, 2017 CCA LEXIS 152, at *41–43 (A.F. Ct. Crim. App. 21 Feb. 2017) (unpub. op.) ("[T]he convening authority's error [in summarily denying a request to defer forfeitures] does not entitle Appellant to relief unless it materially prejudices his substantial rights."). "Absent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant to relief." *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002).

By failing to articulate the reasons for denying the deferment, the convening authority erred. *See Seeto v. Levy*, Misc. Dkt. No. 2016-15, 2017 CCA LEXIS 136, *6–8 (A.F. Ct. Crim. App. 22 Feb. 2017) (unpub. op.) (granting the petitioner's request for a writ of mandamus directing the convening authority to re-accomplish the action on a request to defer confinement because the original action failed to articulate the reasons for the denial); *Eppes*, unpub. op. at *41–43 (finding error in the convening authority's failure to articulate the reasons for a denial of a request to defer forfeitures); *United States v. Dean*, 74 M.J. 608, 611 (A. Ct. Crim. App. 2015) (finding error in the convening authority's failure to articulate the reasons for a denial of a request to defer forfeitures and reduction in rank).

In this case, Appellant has failed to demonstrate a colorable showing of possible prejudice. There is no evidence that the denial was for an improper or unlawful purpose. Moreover, the Government submitted an affidavit from the convening authority who denied Appellant's request. *See Gentry*, unpub. op. at *7–8 (permitting the Government to "'enhance the paper trail' to clarify post-trial processing issues") (quoting *United States v. Blanch*, 29 M.J. 672, 673 (A.F.C.M.R. 1989)). In his affidavit, the convening authority explains the reasons for the denial of the deferment. The convening authority explained that he considered the R.C.M. 1101(c)(3) factors and denied the request because of the lack of evidence of Appellant's family's financial needs and based on the serious nature of the crime Appellant was convicted of committing. Ultimately, the convening authority concluded that relief "was not in the best interests of good order and discipline."

Appellant has failed to demonstrate a colorable showing of possible prejudice from the convening authority's error. Appellant's overly-generalized reference to his family's financial needs and the convening authority's post-trial affidavit articulating his specific consideration of the factors set forth in R.C.M. 1101(c)(3), convincingly establish that there was no demonstrable prejudice from the failure to articulate the reasons for the denial.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court