# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32515**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Anthony R. MARSHALL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 15 August 2019

————————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 105 days, reduction to E-1, and a reprimand. Sentence adjudged 13 March 2018 by SpCM convened at Eielson Air Force Base, Alaska.

*For Appellant:* Major Megan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Nicole P. Wishart, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, KIEFER, and LEWIS, *Appellate Military Judges*.

Judge KIEFER delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KIEFER, Judge:

Appellant was convicted by a military judge, pursuant to his pleas and a pretrial agreement (PTA), of three specifications of assault consummated by a battery under Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 928.[1] In accordance with the PTA, the Government dismissed a separate specification of assault consummated by a battery and a specification of communicating a threat under Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, reduction to the grade of E-1, and a reprimand. The convening authority approved the bad-conduct discharge, reduction to the grade of E-1, and reprimand as adjudged, but approved only 105 days of confinement pursuant to the terms of the PTA.

Appellant asserts one assignment of error: whether the convening authority erred in summarily denying his request to defer the reduction in grade. We note that while the "Assignment of Error" in Appellant's brief only references the request to defer the reduction in grade, Appellant also argues that the convening authority's denial of his request to defer automatic forfeitures was improper.[2] We find the convening authority erred in failing to provide the basis for his decision to deny Appellant's request to defer reduction in grade and automatic forfeitures. This error, however, was not prejudicial to the substantial right of Appellant, and we therefore affirm.

## I. BACKGROUND

Appellant pleaded guilty to strangling and pushing his wife, an Air Force Senior Master Sergeant (SMSgt), on multiple occasions in 2016 and 2017. While his sentence did not include adjudged forfeitures, it did include confinement and a punitive discharge. Thus, pursuant to Articles 57(a) and 58b, UCMJ, 10 U.S.C. §§ 857(a), 858b, Appellant was subject to automatic forfeiture of two-thirds of his pay on the earlier of 14 days after the sentence was adjudged or the date of the convening authority's action.

Appellant was sentenced on 13 March 2018 and entered confinement that day. On 19 March 2018, he requested the convening authority defer the reduction in grade and automatic forfeitures until action, pursuant to Article 57(a)(2), UCMJ, and waive automatic forfeitures for the remainder of his confinement for the benefit of his minor children, pursuant to Article 58b(b),

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial (R.C.M.) are found in the *Manual for Courts-Martial, United States* (2016 ed.).

[2] We note that Appellant does not challenge the convening authority's denial of his request for waiver of forfeitures. R.C.M. 1101(d) does not include language concerning judicial review of waiver denials as is included in R.C.M. 1101(c)(3) for deferments. *See United States v. Gentry*, No. ACM S31361, 2008 CCA LEXIS 454, at *8–9 (A.F. Ct. Crim. App. 30 Oct. 2008) (unpub. op.).

UCMJ. Appellant asserted that he had child support obligations of approximately $1,347.00 to two women who were the biological mothers of his three children. The victim of Appellant's assaults was not one of these two women. Appellant argued that he would be unable to financially support his children if the convening authority did not grant his deferment and waiver requests.

On 22 March 2018, the convening authority denied Appellant's request to defer reduction in grade and automatic forfeitures and the request to waive forfeitures. The denial stated:

> Pursuant to Articles 57(a)(2) and 58b(a)(1), [UCMJ], the request to defer automatic forfeitures and reduction in rank is denied. Pursuant to Article 58b(b), [UCMJ], the request to waive all automatic forfeitures is denied.

On 10 April 2018, while still in confinement, Appellant reached the expiration of his term of service (ETS) and stopped receiving pay and allowances.

## II. DISCUSSION

We review a convening authority's decision to deny a request to defer a sentence "for an abuse of discretion." R.C.M. 1101(c)(3); *United States v. Sloan*, 35 M.J. 4, 6 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018).

A convening authority "may, upon written application of the accused . . . defer the accused's service of a sentence to confinement, forfeitures, or reduction in grade that has not been ordered executed." R.C.M. 1101(c)(2). "The accused shall have the burden of showing that the interests of the accused and the community in deferral outweigh the community's interest in imposition of the punishment on its effective date." R.C.M. 1101(c)(3). When evaluating requests for deferment, a convening authority may consider the following factors:

> [T]he probability of the accused's flight; the probability of the accused's commission of other offenses, intimidation of witnesses, or interference with the administration of justice; the nature of the offenses (including the effect on the victim) of which the accused was convicted; the sentence adjudged; the command's immediate need for the accused; the effect of deferment on good order and discipline in the command; the accused's character, mental condition, family situation, and service record.

R.C.M. 1101(c)(3).

"When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing and must include the reasons upon which the action is based." *Sloan*, 35 M.J. at 7; *see*

*also* R.C.M. 1101(c)(3), Discussion ("If the request for deferment is denied, the basis for the denial should be in writing and attached to the record of trial").

Here, the convening authority's denial of Appellant's request to defer reduction in grade and forfeitures failed to identify any reason for the decision. This was error. *Sloan*, 35 M.J. at 6–7; R.C.M. 1101(c)(3). This error, however, does not entitle Appellant to relief unless it materially prejudiced a substantial right. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *see also Sloan*, 35 M.J. at 7.

"[A]n accused who seeks appellate relief from . . . a post-trial processing error has the burden of making a colorable showing of possible prejudice." *United States v. Brown*, 54 M.J. 289, 292 (C.A.A.F. 2000); *see also Sloan*, 35 M.J. at 7. "Absent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant to relief." *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002). We note that in *Zimmer*, the appellant produced affidavits to support an argument that the convening authority denied the deferment request because the appellant retained civilian defense counsel. *Id.* at 871. The Army court found that this evidence demonstrated an improper reason for denying the deferment and that the appellant had made a colorable showing of possible prejudice. *Id.* at 874.

Here, Appellant failed to present any evidence or raise "even a specter of improper reasons" for the convening authority's denial of his deferment request. *See United States v. Dean*, 74 M.J. 608, 611 (A. Ct. Crim. App. 2015). In this appeal, Appellant simply restates the original basis for his deferment request—that the reduction in rank and automatic forfeitures would make it more difficult for him to satisfy his child support obligations. He does not suggest the convening authority engaged in any unlawful or improper conduct. Appellant simply disagrees with the decision the convening authority made. This disagreement does not constitute evidence of unlawful or improper consideration by the convening authority and fails to satisfy Appellant's burden to demonstrate prejudice.

Additionally, while we do not seek to substitute our opinion for the discretionary decision of the convening authority, we note the crimes in this case were serious and involved multiple domestic assaults against Appellant's SMSgt wife. Further, the victim provided an impact statement that indicated a desire for Appellant to serve his entire sentence, and she made specific reference to how the reduction in rank was appropriate as no one should have to look up to Appellant. Appellant also failed to present evidence that there would be a benefit to good order and discipline should the convening authority grant his deferment request. Instead, Appellant only cited a personal benefit, arguing that the granting of his request would have made it easier for him to satisfy

his child support obligation. Given his ETS date, the most Appellant could have received was the pay at his prior grade from the date of his request on 19 March until his ETS on 10 April, or 22 days. Weighing this against the seriousness of his offenses, Appellant has failed to produce any evidence that the convening authority acted improperly or unlawfully in denying his deferment request. Thus, Appellant has failed to demonstrate any colorable showing of possible prejudice.

Because Appellant has failed to show prejudice to any substantial right, we find that the convening authority's error in not detailing the basis of his denial of Appellant's deferment and waiver request was harmless.

### III. CONCLUSION

The approved findings and sentence are correct in fact and law, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859a, 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court