# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39447**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Harrison T. BELL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 July 2019

————————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-1. Sentence adjudged 16 January 2018 by GCM convened at Hurlburt Field, Florida.

*For Appellant:* Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

Appellant was convicted, in accordance with his pleas and pursuant to a pretrial agreement, of two specifications of child endangerment in violation of

Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] A military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1. Pursuant to the pretrial agreement, the convening authority approved only 30 days of confinement, but otherwise approved the sentence as adjudged.

Appellant raises two issues on appeal, both regarding the convening authority's decision to deny Appellant's request to defer Appellant's sentence. Specifically, Appellant alleged that the convening authority erred in denying Appellant's request to: (1) defer his reduction in rank to E-1; and (2) waive automatic forfeitures for the benefit of his spouse. The court *sua sponte* identified an error in the Staff Judge Advocate's Recommendation (SJAR) and considered whether new post-trial processing was required. We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant pleaded guilty to endangering the lives of two of his three children when they were both under the age of four years. During his plea, Appellant admitted both he and his spouse failed to provide sanitary living conditions for the children. Friends and neighbors initially reported the conditions to the Florida Department of Children and Families (Department). After several inspections, the Department removed both children from Appellant's home. Appellant continued to care for his spouse who, for reasons that need not be discussed in this opinion, was unable to obtain employment.

Following the announcement of sentence, Appellant submitted a request to the convening authority to defer the adjudged reduction in rank and waive the automatic forfeitures, both of which would take effect 14 days after the announcement of sentence.[2] The convening authority denied both requests in a written memorandum which included the following rationale for his decision:

> Your request is denied because the nature of the offenses for which you were convicted, the sentence adjudged, the interests of good order and discipline, and the interests of the community outweigh any interest in deferring the sentence imposed.

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] *See* Articles 57, 57a and 58b, UCMJ, 10 U.S.C. §§ 857, 857a, 858b.

## II. DISCUSSION

### A. Denial of Appellant's Deferment Request

Rule for Courts-Martial (R.C.M.) 1101(c)(3) provides that when petitioning the convening authority to defer an adjudged reduction in grade, "[t]he [appellant] shall have the burden of showing that the interests of the [appellant] and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date." The rule outlines several factors which the convening authority may consider in determining whether to grant the request, including the nature of the offenses, the sentence adjudged, and the effect of deferment on good order and discipline in the command. "When a convening authority acts on an [appellant]'s request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the [appellant]) and must include the reasons upon which the action is based." *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); *see also* R.C.M. 1101(c)(3), Discussion ("If the request for deferment is denied, the basis for the denial should be in writing and attached to the record of trial."). We review a convening authority's denial of a deferment request for an abuse of discretion. *Sloan*, 35 M.J. at 6 (citing R.C.M. 1101(c)(3)).

The facts regarding this issue are not in dispute. Appellant sought a deferment of his adjudged reduction in grade from the convening authority, the convening authority denied the request and provided written notice of his denial to Appellant. Appellant concedes that the convening authority complied with the plain language of R.C.M. 1101(c)(3), but claims that the rationale was too "generic" and therefore arbitrary. Specifically, Appellant argues that the "convening authority's denial was a generic denial letter using the 'magic language' required by court precedent and R.C.M. 1101(c)(3)," but nevertheless unreasonable because it failed to articulate "*why or how* the stated factors warranted denial of Appellant's deferment." We disagree.

To begin with, R.C.M. 1101(c)(3) does not require the convening authority to articulate "*why or how*" the stated factors warranted denial of a deferment request. The convening authority was only required to identify the reasons for the denial. We have often addressed a convening authority's failure to provide any reason for denying a deferment request,[3] but here, the convening authority identified four: (1) the nature of the offenses for which Appellant was convicted; (2) the sentence adjudged; (3) the interests of good order and discipline; and (4) the interests of the community outweigh any interest in deferment. Though

---

[3] *See, e.g.*, *United States v. Jalos*, No. ACM 39138, 2017 CCA LEXIS 607, at *5–6 (A.F. Ct. Crim. App. 5 Sep. 2017) (unpub. op.).

Appellant does not agree with the convening authority's reasoning, he has provided no evidence—and we find none—that the convening authority denied Appellant's request for an unlawful purpose.

We are unpersuaded by Appellant's argument that the factors cited by the convening authority were unreasonable in Appellant's case. Notably, Appellant asserts that his spouse bore "significant responsibility" in the crimes Appellant committed. We find this reason alone sufficient to warrant the convening authority's decision to deny Appellant's requested deferment. The nature of Appellant's crimes was serious. By Appellant's own admission, he and his spouse consistently left spoiled food and milk as well as human and animal waste within arms' reach of their children. Appellant stipulated to the fact that the unsanitary conditions led to various insect infestations and exposed the children to a variety of harmful bacteria and diseases. The convening authority did not abuse his discretion in denying Appellant's requested deferment.

## B. Denial of Appellant's Waiver Request

As previously discussed, the convening authority denied Appellant's request to defer the adjudged reduction in grade and waive the automatic forfeitures in a single memorandum given to Appellant. Appellant claims the convening authority erred by mistakenly applying the law governing deferment requests to Appellant's waiver request. We disagree.

Appellant correctly points out that waiver requests are governed by a separate rule than the rule governing deferment requests. R.C.M. 1101(d)(1) provides that "[w]ith respect to forfeiture of pay and allowances resulting only by operation of law and not adjudged by the court, the convening authority may waive, for a period not to exceed six months, all or part of the forfeitures for the purpose of providing support to the accused's dependent(s)." R.C.M. 1101(d)(2) provides its own non-exhaustive set of factors to be considered "when determining the amount of forfeitures, if any, to be waived." These include, *inter alia*, the length of Appellant's confinement and the ability of Appellant's family members to find employment.

For purposes of this appeal, the most significant difference between the rule governing deferment requests and the rule governing waiver requests is that the convening authority is not required to provide any reason for his denial of a waiver request. *See United States v. Gentry*, No. ACM S31361, 2008 CCA LEXIS 454, at *8–9 (A.F. Ct. Crim. App. 30 Oct. 2008). In *Gentry*, we found no error in the convening authority's failure to include a reason for denying the appellant's waiver request. Here, the convening authority identified several reasons for denying Appellant's waiver request, but failed to identify any of the factors contained in the rule governing waiver requests. Though not textbook, the convening authority did not err in using the same reasons to deny

Appellant's waiver request that he used to deny Appellant's deferment request. In addition to the fact the convening authority was not required to provide any reason for his denial, we note the factors contained in R.C.M. 1101(d)(2) are non-exhaustive. We find the reasons justifying the convening authority's decision to deny Appellant's deferment request are equally appropriate to Appellant's waiver request, even when taking into account Appellant's spouse's inability to find work. In the absence of any credible evidence that the convening authority's decision was based on an unlawful reason, we decline to grant the requested relief. *See United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002).

## C. Erroneous Advice to the Convening Authority

Finally, we address whether new post-trial processing is warranted due to an error we identified in the SJAR.

### 1. Additional Facts

Appellant was convicted, *inter alia*, of one specification of child endangerment on divers occasions between on or about 18 October 2013 and on or about 7 July 2016. During that same period, Congress changed the law governing what relief a convening authority could grant an appellant in clemency. *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113–66, § 1702, 127 Stat. 954–58 (2013) (codified at 10 U.S.C. § 860(c)(4)(A)). For cases before 24 June 2014, convening authorities had unfettered discretion to grant clemency, including setting aside a finding of guilt. For cases on or after 24 June 2014, convening authority discretion was limited to a prescribed set of circumstances. Because the specification for which Appellant was convicted included dates both before and after 24 June 2014, Appellant was entitled to the convening authority's unfettered discretion in clemency. *See* National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113–291, § 531(g)(2)(A), 128 Stat. 3292, 3365–66 (2014).

Despite the fact that one of the specifications was dated before 24 June 2014, the SJAR advised the convening authority, "you only have the authority to approve the finding of guilt and cannot dismiss the finding of guilt" and "you do not have the authority to disapprove, commute, or suspend in whole or in part the punitive discharge." Neither Appellant's clemency matters nor the addendum to the SJAR made any reference to the erroneous advice. In accordance with Appellant's pretrial agreement, the convening authority approved only 30 days of confinement and otherwise approved the sentence as adjudged.

Upon identifying the error, we ordered the Government to show cause as to why this court should not order new post-trial processing. In response to our order, the Government successfully moved to attach two affidavits to the record of trial. The first affidavit was from the Staff Judge Advocate. In it, she

acknowledged the error but stated that even with the knowledge that the convening authority had full discretion to grant clemency, her recommendation would not have changed. The second affidavit was from the convening authority. He similarly stated that even with the knowledge he had "the authority to dismiss the findings of guilt and/or disapprove, commute, in whole or in part, the punitive discharge" his decision would not have changed. He added: "I disapproved three months of confinement in accordance with the pretrial agreement."

### 2. Law and Analysis

The "[p]roper completion of post-trial processing is a question of law which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives or forfeits any later claim of error unless there was plain error. R.C.M. 1106(f)(6); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). In analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Kho*, 54 M.J. at 65 (citations omitted). "There must be a colorable showing of possible prejudice in terms of how the omission potentially affected an appellant's opportunity for clemency." *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005).

The Government concedes the plain and obvious error in the SJAR so our analysis focuses solely on whether Appellant suffered prejudice. In conducting our analysis, we find it notable that the court raised this issue *sua sponte*. At no point during Appellant's post-trial processing or appeal has he identified the erroneous advice, let alone any prejudice resulting from the erroneous advice to the convening authority. Instead, what we do have are affidavits from the Staff Judge Advocate and the convening authority, respectively, stating their recommendation and decision "would not have changed" even with the knowledge the convening authority had unfettered discretion to grant clemency.

Though we are generally skeptical of *post hoc* affidavits created with the end in mind, we are persuaded by the particular circumstances of this case that the convening authority would not have granted additional relief. Appellant was adjudged four months confinement, but received only 30 days in accordance with the pretrial agreement. The reasons why Appellant claimed he deserved clemency had been well established throughout the course of the investigation and were presumably considered by the convening authority in reaching a pretrial agreement. The convening authority's statement that he had already "disapproved three months of confinement" and "would not have altered the findings or the remainder of the sentence" was bolstered by the fact

that he denied Appellant's modest clemency request to disapprove the adjudged reduction in grade. Under the particular facts of this case, we find that Appellant has failed to make a colorable showing of possible prejudice from the error.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[4]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[4] We note that the Court-Martial Order (CMO) dated 30 March 2018 failed to specify that Specification 3 of the Charge and the Additional Charge and its Specification were dismissed *with prejudice*. We order the promulgation of a corrected CMO.