# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32544**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Justice S. WINN DE LEON**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 October 2019

————————————

*Military Judge:* Shelly W. Schools (arraignment); Matthew D. Talcott (trial).

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, forfeiture of $1,092.00 pay per month for 6 months, and a reprimand. Sentence adjudged 13 March 2018 by SpCM convened at Tinker Air Force Base, Oklahoma.

*For Appellant:* Major Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, J. JOHNSON, and POSCH, *Appellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MAYBERRY, Chief Judge:

Appellant was found guilty by a military judge, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one charge and two specifications of wrongful use of marijuana, three specifications of wrongful distribution of marijuana, and two specifications of wrongful introduction of a controlled substance (marijuana) onto a military installation, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of $1,092 pay per month for six months, and a reprimand. In accordance with the PTA, the convening authority (CA) only approved three months of confinement but approved all other elements of the sentence as adjudged.

Appellant raises one issue for our consideration on appeal: whether he is entitled to relief due to post-trial processing delay. We find no prejudicial error and we affirm the findings and sentence.

## I. BACKGROUND

Between 1 July and 1 September 2017, Appellant smoked marijuana from a pipe with another Airman, sitting in his car in an Oklahoma City Walmart parking lot. In November 2017, Appellant again smoked marijuana from a pipe on Tinker Air Force Base (AFB). On 3 November 2017, Appellant brought approximately nine grams of marijuana onto Tinker AFB with the intent to distribute it, and distributed[2] all of it to another Airman. On 22 November 2017, Appellant distributed approximately six grams of marijuana to a second Airman. Both of the Airmen Appellant sold marijuana to were later identified as confidential informants and their true identities were not revealed. On 1 December 2017, Appellant again brought marijuana onto Tinker AFB with the intent to distribute it, this time approximately 30 grams, and in fact distributed approximately 9 grams to the same Airman he sold marijuana to on 3 November 2017. When Appellant was apprehended shortly after this sale, he still possessed approximately 20 grams of marijuana. Appellant was placed in pre-trial confinement and remained there until his court-martial.

Appellant was arraigned on 14 February 2018. The transcript of that proceeding was authenticated by the presiding military judge on 5 March 2018. Appellant's court-martial resumed on 13 March 2018, with a different military judge, and concluded the same day. Tinker AFB did not have an in-house court

---

[1] All references to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant was paid cash for all of the charged distributions.

reporter at that time, requiring the transcription to be tasked to an off-base reporter. The first draft transcript of the 13 March 2018 proceeding was received by the legal office on 13 April 2018. The transcript was provided to the trial counsel for review, which was completed on 2 May 2018. The transcript was then sent to the trial defense counsel for review. Trial defense counsel requested the audio of the proceedings on two separate occasions because of the numerous discrepancies he noted in the draft transcript. Trial defense counsel received the audio files on 17 May 2018 and provided his suggested edits on 21 May 2018. Trial counsel authenticated the transcript on 22 May 2018 and trial defense counsel authenticated the transcript on 23 May 2018. The military judge authenticated the transcript on 30 May 2018.

Appellant and his trial defense counsel were served with the record of trial (ROT) and staff judge advocate recommendation (SJAR)[3] on 28 June 2018. Clemency was submitted on 6 July 2018, and the CA signed the action on 10 July 2018—119 days after the court-martial concluded. The ROT was forwarded for docketing with this court, however the Military Justice Division of the Air Force Legal Operations Agency (AFLOA/JAJM) discovered that the ROT was missing the transcript from the 14 February 2018 arraignment and returned it for correction. There was confusion as to whether or not a Certificate of Correction was required, and the CA did not direct one until 6 September 2018. The military judge completed the Certificate of Correction on 9 September 2018, and it was served on trial counsel, trial defense counsel, and Appellant on 13, 16, and 19 September 2018, respectively. The case was docketed with this court on 26 September 2018—78 days after action.

## II. DISCUSSION

### A. Law

In *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), the United States Court of Appeals for the Armed Forces (CAAF) established a presumption of a facially unreasonable delay "where the action of the convening authority is not taken within 120 days of the completion of trial," when "the record of trial is not docketed by the service Court of Criminal Appeals within thirty

---

[3] We note the SJAR erroneously advised the CA that the maximum sentence that could be imposed by this special court-martial included, *inter alia*, a fine in addition to forfeiture of two-thirds pay per month for 12 months. *See* Rule for Courts-Martial (R.C.M.) 201(f)(2)(B)(i); R.C.M. 1003(b)(3); *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226 at *7 (A.F. Ct. Crim. App. 31 Mar. 2017) (unpub. op.). However, under the facts of this case we find no colorable showing of possible prejudice and, therefore, it does not affect this court's conclusion. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005).

days of the convening authority's action," and when "appellate review is not completed and a decision is not rendered within eighteen months of docketing the case before the Court of Criminal Appeals."

Where there is such a delay, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to a timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citations omitted). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* at 136 (citing *Barker*, 407 U.S. at 533).

In *Moreno*, the CAAF identified three types of cognizable prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of the appellant's ability to present a defense at a rehearing. 63 M.J. at 138–40 (citations omitted).

Failure to meet the action to docketing deadline is "the least defensible of all [post-trial processing delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

In *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), the CAAF recognized this court has the de novo power and responsibility to disapprove any portion of a sentence that it determines, on the basis of the entire record, should not be approved, even absent any actual prejudice. In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the Government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide any meaningful relief. *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.*

## B. Analysis

Appellant asserts that the Government's reason for the delay between announcement of sentence to action "appears to have been purposefully calculated to maximize the period [Appellant] was subject to forfeitures" and asserts that while this may be permissible, it should subject the inexplicable delay after action to "heightened scrutiny." Appellant requests that we disapprove his bad-conduct discharge.

Appellant requested deferral of the adjudged forfeitures on 22 March 2018 and the CA's decision to deny the request was not made until 14 May 2018.

The written decision to deny the request does not comply with Rule for Courts-Martial 1101(c)(3) as it does not provide any reason for the denial—rather it states that any questions should be referred to the staff judge advocate. This is error. *See United States v. Sloan*, 35 M.J. 4, 6–7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018). Here, Appellant does not explicitly raise the fact that there is no stated reason for the denial on appeal, but in light of the fact that Appellant asserts the post-trial processing was delayed for the purpose of maximizing the duration of his forfeitures, the absence of a reason for the denial is an issue we will consider.

The CA's error in not providing a reason for his denial does not entitle Appellant to relief unless it materially prejudices his substantial rights. Article 59(a), UCMJ, 10 U.S.C. § 859(a). We agree with the position held by our sister service court, "[a]bsent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant to relief." *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002).

Here, Appellant does not know for certain that his request for deferral of forfeitures was in fact denied for the purpose of maximizing the adjudged punishment, nor does Appellant assert that even if that was the basis for the denial, such a purpose constitutes an unlawful or improper reason. Appellant has neither claimed an unlawful or improper purpose for the CA's denial of his request for deferment nor alleged that he was prejudiced in any specific way by the CA's denial. As such, Appellant has failed to demonstrate a material prejudice to his substantial rights.

While it is true that there was no presumptive unreasonable delay from announcement of sentence to action, we will look at the totality of the post-trial processing. Based on the presumptive unreasonable delay from action to docketing, we analyze the *Barker* factors. The first *Barker* factor, length of delay, was 48 days beyond the *Moreno* standard of 30 days. This is not overly egregious, but it weighs somewhat in favor of Appellant.

As to the second factor, the reason for the delay, 37 of the 48 days beyond the *Moreno* standard were due to the base legal office awaiting guidance from AFLOA/JAJM as to whether or not a certificate of correction was necessary because of the failure to include the transcript of the initial arraignment proceeding in the ROT. There are no specifics as to when the legal office first reached out to AFLOA/JAJM, or how often they followed up on their inquiry. Based on the evidence available to us, the ROT was initially stamped received by JAJM on 25 July 2018 and returned to the base by 30 July 2018. By that point in time, 20 days of the 30-day *Moreno* standard had elapsed. The missing 11-page transcript had been transcribed and authenticated by the presiding

judge eight days before the trial resumed. The record before us provides circumstantial evidence that those 11 pages were neither provided to trial and trial defense counsel, nor included in the ROT. The staff judge advocate's declaration provided on appeal indicates that those pages were omitted due to an administrative oversight.

After taking 79 days to obtain the authenticated transcript of the 13 March 2018 session, it took the legal office another 30 days to compile the 92 page, two volume (incomplete) ROT and SJAR. This weighs in favor of Appellant (however we note that Appellant did not raise the fact that the ROT was incomplete when he submitted matters to the CA on 6 July 2018). Appellant's trial defense counsel did point out to the CA how long it had taken to get to that point, specifically indicating that the *Moreno* standard for taking action was less than a week away, and requested that the forfeitures be disapproved as a result.

For the third *Barker* factor, the Appellant's assertion of the right to a timely review and appeal, Appellant relies on his clemency submission as the assertion of his right to timely review. The Government acknowledges the content of Appellant's clemency submission, but disagrees that it constitutes a demand for speedy review. In support of its position the Government refers to the length of time it took Appellant to submit his brief to this court. We are not persuaded by the Government's attempt to focus on the appellate review instead of the claim of delayed post-trial processing review. This factor weighs in favor of Appellant.

Finally, we consider the fourth *Barker* factor, whether Appellant has made a colorable showing of prejudice. During both sentencing and his clemency submission, Appellant characterized his conditions of confinement as unduly rigorous. However, he also asked the military judge to impose additional confinement in lieu of a bad-conduct discharge. At the time of clemency, he was no longer in confinement and was not suffering oppressive incarceration. Appellant asserts that he was prejudiced by his inability to secure employment while awaiting action and his continuous uncertainty and stress as he prepared to transition out of the military. While we acknowledge that Appellant faced legitimate concerns about his future, they are no different than any other Airman who has been convicted of a crime and is awaiting action on their case. We find Appellant was not prejudiced by the undue delay in completing post-trial processing.

Where, as here, there is no qualifying prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Considering the reasons for the delay, we recognize the Government was required to send

the case to another court reporter for transcription and both trial and trial defense counsel identified discrepancies in the initial draft which required correction. As a result, the transcript was not completed until 23 May 2018, and the military judge authenticated the record seven days later, on 30 May 2018. Once the record was authenticated, it took another 30 days to serve the ROT and SJAR on Appellant and his counsel. There is circumstantial evidence of an undermanned, inexperienced staff whose decisions regarding the post-trial processing are by no means a model for others to emulate. We find no evidence that the delays in Appellant's case were due to neglect or indifference, and were not of a nature to impugn the perceived fairness and integrity of the military justice system. Accordingly, we find no due process violation.

We now consider whether we should invoke our authority to grant relief in the absence of prejudice pursuant to *Tardif* and *Gay*. Appellant's argument that the delay "appears to have been purposely calculated to maximize forfeitures" is his opinion, and not supported by any direct facts. The delayed denial of Appellant's request for deferment of forfeitures did not improperly increase the amount of forfeitures imposed. To the extent that Appellant remained in a pay status and was not placed on required excess leave at an earlier date is not punishment – he continued to be entitled to pay (albeit reduced) and military benefits throughout the duration of post-trial processing. Appellant was not further punished by the length of time it took to complete post-trial processing, he was simply subjected to the punishment adjudged by the military judge. Applying the factors articulated in *Gay*, we find relief for Appellant unwarranted.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

7